UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL HARRIS, | ) | CASE NO. 1:24-cv-2236 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE AMANDA M. |
| | ) | KNAPP |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **OPINION AND ORDER ADOPTING** |
| | ) | **MAGISTRATE'S REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |
| | ) | |

Before the Court is Magistrate Judge Amanda M. Knapp's Report and Recommendation ("R&R") recommending that the Court should affirm the final decision of the Commissioner of the Social Security Administration ("Commissioner"). (ECF No. 14). Plaintiff Cheryl Harris filed timely objections. (ECF No. 14). Upon consideration of the objections, the Court **ADOPTS** the R&R in its entirety and **AFFIRMS** the final decision of the Commissioner.

**I.     BACKGROUND**

The Court adopts and incorporates the detailed recitation of the factual and procedural background contained in the R&R, to which Harris raised no objections. (ECF No. 14, PageID #1849–66). The Court will only briefly summarize the relevant background.

In October 2019, Harris filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of September 30, 2017. (ECF No. 9, PageID #106–07, 284–92). In February 2022, Harris amended the alleged onset date to July 29, 2020. (*Id.* at PageID #320). The Social Security Administration denied Harris's application at the initial level, (*id.* at PageID #155–64), and upon reconsideration, (*id.* at PageID #174–89).

Harris requested a hearing before an Administrative Law Judge ("ALJ"); ALJ Noceeba Southern held a hearing on February 10, 2022. (*Id.* at PageID #88–105, 190). On April 7, 2022, the ALJ issued an unfavorable decision, finding that Harris was not disabled, as defined in the Social Security Act, from the alleged onset date to the date of the decision. (*Id.* at PageID #65–81). After Harris filed a complaint challenging the unfavorable decision in the Northern District of Ohio, the district court issued an order of remand based on the parties' joint stipulation to remand. (*Id.* at PageID #881–83). On January 23, 2024, the Appeals Council vacated the unfavorable decision and remanded the case to an ALJ for issuance of a new decision. (*Id.* at PageID #903–04).

On remand, ALJ Matthew Winfrey held a telephonic hearing on August 8, 2024. (*Id.* at PageID #816–51). On August 28, 2024, the ALJ issued a partially favorable decision, finding that Harris was not disabled prior to July 23, 2023, but became disabled on that date and continued to be disabled through the date of the decision. (*Id.* at PageID #776–803).

In doing so, the ALJ determined at Step Four that Harris, prior to July 23, 2023, had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Harris] could occasionally climb ramps and stairs. She should avoid climbing ladders, ropes, and scaffolds. [Harris] could up to frequently stoop, kneel, crouch, and crawl. [Harris] should avoid exposure to workplace hazards, such as unprotected heights, and dangerous, unprotected, moving, mechanical parts. [Harris] should have no more than occasional exposure to concentrated irritants such as visible dust clouds, noxious odors, caustic fumes, and other pulmonary irritants.

(*Id.* at PageID #786). Of relevance here, the ALJ determined that Certified Nurse Practitioner ("CNP") Wickham's February 2022 opinion as to Harris's physical limitations, particularly as to her ability to lift/carry no more than five pounds, was only partially persuasive because it was "more restrictive than the objective treatment notes of the time support." (*Id.* at PageID #794–95). The ALJ also declined to adopt Dr. Katsaros opinion that Harris was limited to lifting/carrying

2

objects of five pounds or less because such a limitation was unsupported by the record. (*Id.* at PageID #799). On December 23, 2024, Harris filed this action to obtain judicial review. (ECF No. 1).

On November 25, 2025, Magistrate Judge Amanda M. Knapp issued her R&R recommending that the Court should affirm the final decision of the Commissioner. (ECF No. 14). Harris timely filed an objection to the R&R on December 8, 2025. (ECF No. 15).

## II. LEGAL STANDARD

### A. Objections to the R&R

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985). Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3). An objection must address specific issues within the magistrate judge's report and recommendation. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07-cv-2663, 2008 U.S. Dist. LEXIS 27218, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008) (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-

3

cv-2095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement; objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d at 509 (providing that a general objection to a magistrate judge's report and recommendation "has the same effects as would a failure to object"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

    **B.**    **Review of ALJ's Decision**

According to 42 U.S.C. 405(g), courts reviewing the Commissioner's final decision determine whether it is supported by substantial evidence and whether proper legal standards were applied: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As the Commissioner explains in his brief, "substantial evidence" is not a high threshold. *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). "It means— and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

The reviewing court is limited to evaluating whether the ALJ's explanations "are reasonable and supported by substantial evidence in the record; the court "accord[s] the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court does] not, of observing a witness's demeanor while testifying." *Id.* at 476. The ALJ thus enjoys a "zone of choice" to decide between the parties' competing positions "without the fear of appellate court interference." *Arnett v. Comm'r of Soc. Sec.*, 76 F. App'x 713, 716 (6th Cir. 2003) (citing *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986)).

### III. DISCUSSION

In her objection, Harris notes that the R&R recommends affirming the Commissioner's non-disability decision; she specifically highlights the Magistrate Judge's conclusion that "the ALJ properly explained why the lifting/carrying/walking/standing limitations opined by the medical sources were not adopted." (ECF No. 15, PageID #1875). Harris then provides the same argument she put forth in her reply brief, word for word:

> "[T]he ALJ failed to properly explain why the "lifting/carrying/standing/walking" limitations were not adopted, other than explaining that the "reduction in exertional capacity" is consistent with abnormal findings in the medical record, including shuffling gait and positive straight leg raise. (*Id.*) The ALJ particularly failed to provide a clear rationale for not adopting the limitation to lifting only five pounds, which is not harmless because of the consistency between the opinions CNP Wickham and Dr. Katsaros with regard to Harris's limited ability to lift/carry no more than five pounds. (*Id.*)."

(*Compare id.*, *with* ECF No. 13, PageID #1845). This is not a proper objection because Harris is simply rehashing and providing the same arguments that she put forth to Magistrate Judge Knapp. *See Nasser v. Comm'r of Soc. Sec.*, 598 F. Supp. 3d 614, 626 (E.D. Mich. 2022), *aff'd*, 2022 U.S. App. LEXIS 33278 (6th Cir. Dec. 1, 2022) ("This objection seemingly rehashes Plaintiff's disagreement with the ALJ's finding[s] . . . . This challenge is not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Plaintiff]'s

5

arguments. Because [the] objection is not proper, it will be overruled.") (internal citation and quotation marks omitted); *Davis v. Comm'r of Soc. Sec.*, No. 5:24-cv-1447, 2025 U.S. Dist. LEXIS 117304, at *13–14 (N.D. Ohio June 20, 2025) (citations omitted); *Bell v. Comm'r of Soc. Sec.*, No. 1:23-cv-256, 2024 U.S. Dist. LEXIS 28159, at *7 (N.D. Ohio Feb. 20, 2024) ("Again, this argument mirrors the arguments Bell presented in her briefing. This objection is therefore improper, amounting to a rehash of arguments already made to the magistrate judge." (citations omitted)).

Harris goes on to state that courts must review the rationale and findings provided in the ALJ's decision and the Commissioner cannot substitute post-hoc rationale for the disability decision. (ECF No. 15, PageID #1875). This is also not a proper objection because Harris is solely pointing to alleged mistakes in the ALJ's decision and has not identified any error in the R&R. Harris has not stated or argued that Magistrate Judge Knapp improperly relied on post-hoc rationale to support her conclusions in the R&R; nor does she name any specific post-hoc rationale relied upon in the R&R. Because the objection does not identify any error in the R&R itself, there is no proper objection before the Court. *See Aldrich*, 327 F. Supp. 2d at 747; *Gregory v. Kilolo Kijakazi. Acting Comm'r of Soc. SEC,* No. 1:23-cv-410, 2024 U.S. Dist. LEXIS 55166, at *10–11 (N.D. Ohio Mar. 27, 2024) ("Without identifying why she believes the R&R was wrong, Plaintiff's objections are not sufficiently specific."). Moreover, the R&R specifically addressed this argument:

> In her reply brief, Ms. Harris contends that the Commissioner improperly relies on post-hoc rationale to argue that the ALJ sufficiently explained why he did not adopt the limitations set forth in Dr. Katsaros's opinion. (ECF Doc. 13, pp. 1-2.) But the undersigned finds the Commissioner's argument to be premised on record evidence explicitly considered and discussed by the ALJ in evaluating the medical opinion evidence and assessing Plaintiff's RFC.

6

(ECF No. 14, PageID #1872 n.6). Harris does not object to this finding in the R&R. She does not explain how the Magistrate Judge's finding was in error nor does she provide sufficient arguments to support her contention that the ALJ failed to provide proper rationale.

Even if Harris's objections were proper, the Court would still find them unpersuasive. The responsibility for determining a claimant's RFC rests solely with the ALJ based on his own evaluation of the relevant medical and non-medical evidence. *See Adams v. Comm'r of Soc. Sec.*, No. 23-3284, 2023 U.S. App. LEXIS 25863, at *9 (6th Cir. Sep. 28, 2023); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442–43 (6th Cir. 2017); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). The applicable regulations require an ALJ to consider all medical opinions when formulating the RFC; that said, an ALJ need only explain why a specific medical opinion was not adopted if the RFC assessment conflicts with that medical opinion. SSR 96-8p, 1996 SSR LEXIS 5, at *20; *see Vaden v. Berryhill*, No. 1:17CV1656, 2018 U.S. Dist. LEXIS 144439, at *22–23 (N.D. Ohio Aug. 24, 2018) (citing SSR 96-8p). Harris's argument fails because the ALJ satisfied his burden under SSR 96-8p by thoroughly explaining his rationale for declining to adopt the exertional limitations on lifting/carrying five pounds or less opined by CNP Wickham and Dr. Katsaros.

As noted in the R&R, the ALJ acknowledged that CNP Wickham and Dr. Katsaros both opined that Harris was limited to lifting and carrying objects of five pounds or less and then provided explanations about why he declined to adopt such limitations, citing specific evidence on the record. (ECF No. 14, PageID #1869–70 (citing ECF No. 9, PageID #794–95, 799)). Magistrate Judge Knapp found that the ALJ sufficiently explained his reasons for declining to adopt the five-pound restriction, offering the following analysis:

> The undersigned finds that the ALJ's analysis of CNP Wickham's and Dr. Katsaros's opinions (Tr. 739-40, 744), considered in combination with his earlier

7

analysis of the medical evidence of record (Tr. 734-35), articulate a sufficient and clear rationale for the ALJ's decision not to adopt the more restrictive exertional limitations, including the limitation to lifting/carrying five pounds. First, as detailed above, when evaluating CNP Wickham's and Dr. Katsaros's opinions, the ALJ observed the following:

- While the claimant had noted some cervical spine degeneration and reported some presence of neck pain, radicular neck pain into the upper extremities was not routinely reported to providers (Tr. 739);
- The claimant routinely exhibited normal muscle tone and bulk and showed intact coordination and motor functioning (*id.*);
- The claimant showed 5/5 strength in the upper extremities (*id.*);
- The claimant displayed intact coordination, intact motor function, intact muscle tone and bulk without atrophy, no evidence of pronator drift, and normal reflexes, with intact sensation (Tr. 739-40);
- The claimant also at times showed no gait or stance deficits (Tr. 740);
- Even when the claimant showed some irregular gait, she also showed 5/5 strength in her extremities (*id.*)
- The record does not support any upper extremity strength deficits or coordination problems (Tr. 744);
- The claimant did not show any objective nerve deficits in the upper extremities (*id.*).

Ms. Harris does not challenge these findings or contend that the ALJ mischaracterized the record.

* * *

While Ms. Harris may disagree with the ALJ's decision not to adopt the very restrictive lifting/carrying/standing/walking limitations described in the opinions of Dr. Katsaros and CNP Wickham, she fails to demonstrate that the ALJ's decision lacks the support of substantial evidence. *Jones*, 336 F.3d at 477 (finding a reviewing court cannot overturn the Commissioner's decision, even if substantial evidence supports a claimant's position, "so long as substantial evidence also supports the conclusion reached by the ALJ"). Moreover, the ALJ's analysis of the medical evidence and the two opinions provides a sufficiently clear rationale for the ALJ's decision not to adopt the very restrictive lifting/carrying/standing/walking limitations contained in Dr. Katsaros's and CNP Wickham's opinions.

(ECF No. 14, PageID #1870–72).

The Court adopts the above analysis, which Harris did not challenge in her objection. The ALJ met his burden under SSR 96-8p by: (i) sufficiently explaining why CNP Wickham's and Dr.

Katsaros's opinions were not adopted; and (ii) providing substantial evidence to support his determination.  See *Jones*, 336 F.3d at 477; *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 880–81 (N.D. Ohio 2011).  Accordingly, the Court **OVERRULES** Harris' objections as improper and, even if her objections were considered proper, the Court would overrule them as meritless.

IV. **CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Defendant's objections (ECF No. 15), **ADOPTS** the Magistrate Judge's R&R (ECF No. 14), incorporates it fully herein by reference, and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

Date:   December 17, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**